**Jasper Dale BARKLEY, Appellant,**

v.

**H. R. DUDLEY et ux., Appellees.**

No. 16106.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 3, 1973.

Rehearing Denied May 24, 1973.

Brown & Haden, Don Wittig, Harry L. Tindall, Houston, for appellant.

Bradshaw, Foster & Lueders, William W. Rucker, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is a rear end collision case. The jury failed to find an act of negligence on the part of the defendants. The plaintiff appeals from the take nothing judgment on the grounds that the answer to the negligence issue is contrary to the great weight and preponderance of the evidence, and that the trial judge erred in submitting charges on unavoidable accident and sudden emergency. The judgment is affirmed.

The plaintiff, Jasper Dale Barkley, was stopped at a stop sign when he was struck from the rear by the automobile driven by the defendant, Jerri Ann Dudley. Mrs. Dudley testified that she pulled up to a point about two feet from plaintiff's car. After she stopped her foot slipped off the clutch pedal and her car collided with that of the plaintiff. She changed gears after she stopped. There was nothing wrong with her car, or the rubber pad on her clutch pedal. She was not sure, but she thought one foot was on the brake pedal, but that the brakes were not applied. It all happened so fast she didn't think about the brakes. Her car "lunged foward" when her foot slipped off the clutch pedal. The car was at idling speed while she

changed gears. When her foot slipped off the clutch, the wheels screeched, and the car "jumped" about two feet. Her foot slipped off the side of the pedal.

She got out of the car and remained at the scene waiting for the officer. When she got home she found grease on her shoe, the clutch pedal, and the floor mat. She thought that she must have gotten the grease on her shoe at the parking lot where she stopped before the accident, but she might have gotten it on her shoe at the scene of the accident. She used the clutch pedal several times before the collision, and several times after the collision before she reached her home, and her foot did not slip. Her foot never slipped off the clutch pedal prior to the accident. She had owned the car for about two years and used it daily in going to and from work.

The jury answered, "We do not," to Special Issue No. 1 reading: "Do you find from a preponderance of the evidence that Jerri Ann Dudley was negligent in allowing the automobile she was driving to go forward and strike the automobile of Jasper Dale Barkley?"

The court submitted as a part of his charge instructions on sudden emergency and unavoidable accident, reading: "If you find from a preponderance of the evidence that Jerri Ann Dudley was confronted by a condition arising suddenly and unexpectedly, not proximately caused by any negligence on her part, and which to a reasonable person required immediate action without time for deliberation, her conduct in such emergency was not negligence or a failure to use ordinary care if, after such emergency arose, she acted as a person of ordinary prudence would have acted under the same or similar circumstances.

"You are further instructed that the occurrence in question would be an unavoidable accident if it happened without the negligence of any of the parties to the event."

The plaintiff objected to the inclusion of these instructions in the charge for the reason that neither "sudden emergency" nor "unavoidable accident" was raised by the evidence.

From the facts recited it is evident that the occurrence was not caused by the negligence of the plaintiff. If, therefore, the facts are such that the jury could reasonably conclude that the conduct of the defendant was not negligent, the occurrence would be an unavoidable accident under the instruction given by the court. The instruction given is the same as that considered by the Supreme Court of Texas in Yarborough v. Berner, 467 S.W.2d 188 (1971). There the court said:

"Professor Hodges says that 'Under such a definition the conduct of any person could not be the basis for a finding that there was an unavoidable accident . . . The result is that the issue is to be used only to inquire about the possible causal effect of some physical condition of (sic) circumstance.' Hodges, Special Issue Submission in Texas, Sec. 19 (1959). This would ordinarily include such non-human things as fog, snow, sleet, wet or slick pavement, or obstruction of the view."

The only physical circumstance in this case which might have caused the accident was the presence of grease on the clutch pedal and shoe of the defendant. There was no direct evidence that the grease was present prior to the accident. In Section 21 of Professor Hodges' work cited above he states:

"A border line problem is presented when the evidence, while not presenting a specific cause of the event in question, other than the conduct of the parties, does tend to establish a situation in which some other unspecified cause might have existed. Here the test should be in terms of the probability of the existence of such other cause. . . . . "

If the probability that the accident was caused by the defendant's foot slipping as a result of the presence of grease is merely speculative, the instruction should not have been given. No other reason to account for the defendant's foot slipping from the clutch pedal can be found in the evidence. Since grease was found on the pedal, although some time after the accident, the possibility that it was the cause of the accident is not merely speculative. The evidence of grease on the pedal, together with the evidence that defendant's foot slipped from the pedal, raises an issue of unavoidable accident. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790 (1941); Luvual v. Henke & Pillot, Division of Kroger Co., 366 S.W.2d 831 (Tex.Civ.App.—Houston, 1st, 1963, writ ref., n. r. e.).

The evidence suggests that after the defendant's foot slipped from the clutch pedal, she might have failed to apply her brake. She testified that she didn't remember with certainty that she did apply her brake, but that the motor of her car died and that she must have done so. She thought she had her foot on the brake pedal while she was stopped, but she was not certain.

A jury may conclude "that conduct which in other circumstances would be unreasonable or imprudence is not so in emergency situations." Del Bosque v. Heitmann Bering-Cortes Company, 474 S.W.2d 450 (Tex.1971). If the jury determined that the defendant was not at fault in allowing her foot to slip from the clutch pedal, it properly should judge her subsequent conduct in the light of the emergency situation with which she was confronted.

The answer made by the jury to the negligence issue cannot be held so contrary to the great weight and preponderance of the evidence as to be clearly wrong. The plaintiff failed to prove to the satisfaction of the jury that the defendant was negligent in allowing her car

to go forward and strike the plaintiff's vehicle. The facts as to the conditions leading up to the accident would permit, but do not require, an inference of negligence on the part of the defendant. Lovell v. Stanford, 386 S.W.2d 755 (Tex.1965); Dallas Transit Company v. Young, 370 S.W.2d 6 (Tex.Civ.App.—Dallas 1963, err. ref., n. r. e.); Daggett v. McReynolds, 459 S.W.2d 475 (Tex.Civ.App.—Houston, 14th, 1970).

Since there is no basis for a judgment for the plaintiff in the jury verdict, the asserted error based on the failure of the jury to assess damages for future pain and suffering and future medical expenses is immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (Tex.Com.App.1939).

Affirmed.