**Sammy Truitt RUBY et al., Appellants,**

v.

**Estel GREEN et al., Appellees.**

**No. 1010.**

Court of Civil Appeals of Texas, Corpus Christi.

March 11, 1976.

Rehearing Denied April 22, 1976.

Tom A. Garner, Jr., Rhodes, Garner & Roberts, Port Lavaca, Robert E. Ballard, Kronzer, Abraham & Watkins, Houston, for appellants.

Fred P. Turner, Port Lavaca, Donald A. Edwards, Victoria, for appellees.

## OPINION

YOUNG, Justice.

In this will construction case, the parties contend that our main problem is the construction of the nineteenth paragraph, the abatement provision, of the will of Loyce D. Johnson, deceased. That paragraph reads as follows:

> "It is my intention and I hereby direct that in the event there is insufficient *funds* on hand at the time of my death to pay the specific cash bequests contained in this, my Last Will and Testament, then in said event, the specific cash bequests shall be proportionately reduced in order that they may be paid out of *funds* available at the time of my death." (Emphasis supplied.)

The trial court entered judgment favorable to appellees by means of summary judgment, and held that the word "funds", as used in paragraph nineteen, means all property of whatsoever nature, real, personal, or mixed, as the appellees contended. The trial court's holding therefore harmonized with plaintiffs' contentions, (and those of the defendants aligned with them) but repudiated defendants' contentions which were that the word "funds" was used in the will in its usual and ordinary sense and means cash or cash assets.

The plaintiffs, and those defendants aligned with them, in the trial court were all cash bequest beneficiaries, and were (with the exception of the mother of one of the deceased nieces) the sisters, brothers, nieces, and nephews of Mrs. Johnson, the testatrix. The defendants in the trial court, except the defendants aligned with the plaintiffs, were a residuary clause beneficiary, who was Mrs. Johnson's nephew Sammy Truitt Ruby, and a bank, the independent executor of the will.

Each set of parties filed their motions for summary judgment. The trial court rendered its judgment granting the motion for summary judgment urged by the plaintiffs, and those defendants so aligned, and denying the motion for summary judgment of the remaining defendants. The defendants, Ruby and the bank, appeal from that judgment.

On July 1, 1969, Loyce D. Johnson executed her will. She died September 21, 1969, at the age of 55 years. On October 8, 1969, her will was admitted to probate in the County Court of Calhoun County sitting in probate. The inventory and appraisement thereafter filed, and subsequently approved, reflects a net estate of $219,000.00. Debts of the estate exceeded cash on hand. The will reflects specific cash bequests to the appellees of $90,000.00. It further reflects the bequest of the residue of the estate in trust for the benefit of appellant Ruby. If the word "funds" were instructed to mean cash or cash assets as the appellants would have us do, the appellees would receive nothing and Ruby would receive substantially all the estate. If the term were construed to mean all types of property, the appellees would receive the provided cash bequests and Ruby would still receive substantial cash and a substantial residue. The cause of the lawsuit now becomes obvious.

A fair summary of the provisions of Mrs. Johnson's will of twenty-two numbered paragraphs is as follows:

First, the payment of her just debts by the executor as reasonably convenient after her death.

Second through fourth, cash bequests of $10,000.00 each to her three sisters.

Fifth through seventh, cash bequests of $5,000.00 each to her three brothers.

Eighth through eleventh, cash bequests of $5,000.00 to each of her nephews and nieces, (a total of ten, of which appellant Ruby is one).

Twelfth, another cash bequest of $20,000.00 to nephew Ruby (appellant).

Thirteenth, a bequest of all clothes and personal effects to two of her sisters.

Fourteenth, a bequest of her collection of cups and saucers to a niece.

Fifteenth, a bequest of her homeplace and the immediately surrounding thirteen acres to her nephew Ruby (appellant).

Sixteenth, a bequest of her automobile, at the time of her death, to her nephew Ruby (appellant).

Seventeenth, a bequest in trust of $25,000.00 for the benefit of her mother.

Eighteenth, after the payment of her just debts, a bequest in trust of the rest, residue and remainder of all property of whatever nature for the benefit of her nephew Ruby (appellant).

Nineteenth, the abatement provisions (in dispute here on appeal).

Twentieth, a provision for lapsed bequests to be included in the residuary clause.

Twenty-first, appointment of the bank as independent executor of her will.

Twenty-second, broad powers to the executor for disposal of her property to pay her just debts.

We deem it appropriate at this point to note rules of law we consider material to the case at bar. It is fundamental that the primary concern of the courts in will construction is the determination of the testatrix's intent and the effectuation of that intent as far as legally possible. *Philleo v. Holliday,* 24 Tex. 38 (Tex.Sup.1859); *Sellers v. Powers,* 426 S.W.2d 533 (Tex.Sup. 1968). All rules of construction of wills have for their objective the ascertainment of the testator's intent and that intention must be ascertained, if possible, from the four corners of the will itself. In ascertaining the intention of the testator (testatrix), the court should place itself as nearly as possible in her position. Surrounding facts and circumstances may be considered by the court where the language of the will is ambiguous or doubtful or the intent of the testatrix is not clear and apparent from the face of the will. See 95 C.J.S. Wills § 590, et seq., and *Haile v. Holtzclaw,* 414 S.W.2d 916 (Tex.Sup.1967).

All of which might bring us back to a consideration of the word "funds" and its meaning. As we have heretofore indicated, the appellants, in their first four points of error, assert that "funds", as used in the will here, means cash or money only. Appellees, on the other hand, assert that the term "funds" has more than one meaning and is, therefore, ambiguous, thus allowing the introduction of extrinsic evidence; and that consideration of the extrinsic evidence shows as a matter of law that the term "funds" was intended by the testatrix to encompass all types of property, both real and personal (cash).

If we were to hold that the will was ambiguous, we believe that the extrinsic summary judgment evidence introduced at the trial would sustain the appellees' contention that "funds", as used in the will here, means all types of property as a matter of law.

▮ The intention of the testatrix, however, with respect to paragraph nineteen should and can be ascertained from the language used within the four corners of the will, without considering any extrinsic evidence. In fact, it is our duty to determine the testatrix's intention solely from the will as a whole if we can so do. See 61 Tex.Jur.2d Wills § 144 and § 179 (1964).

We believe, and so hold, that the testatrix here intended that her cash bequests be paid as "just debts" out of all of her property, whether personal or real. Therefore whether "funds" is construed as cash or real property is of little consequence. Our reasons for such holding follow:

The testatrix in the first paragraph of her will directs that "all my just debts, including the expenses of last illness and a Christian-like funeral and burial shall be paid by my Executor as soon as reasonably convenient after my death." In this respect, the testatrix provides in paragraph twenty-two that: "I hereby authorize, empower and direct said Executor to sell, dispose of, deliver and convey any and all portions of my estate, real, personal or mixed, at public or private sale, at any price, or on any terms and in any manner

that may seem to it best, for the purpose of paying any of my debts." Thus, the testatrix indicated that for the purpose of paying any of her debts, such debts could be satisfied from the sale of her estate, real, personal or mixed. The testatrix then proceeds in paragraphs two through twelve to devise certain cash bequests to her sisters, brothers and nephews and nieces. In paragraphs thirteen through sixteen the testatrix makes specific bequests, and in paragraph seventeen the testatrix sets up a trust ($25,000.00) for the use and benefit of her mother.

Then in paragraph eighteen, a conditional residuary clause, the testatrix sets up a trust for the benefit of her nephew, Sammy Truitt Ruby. This residuary clause provides in part as follows:

> "After the payment of all my just and lawful debts, I give, devise and bequeath all of the rest, residue and remainder of my property of whatsoever nature, kind or character, whether real, personal or mixed, of which I may die seized or possessed, or to which I may then or at any time thereafter be entitled. . . ." (Emphasis supplied.)

It is important here to note the order of the testatrix's directions and bequests. She first directs that all her just debts be paid, included within which were her expenses of last illness and funeral expenses. She then makes certain cash bequests and specific bequests. She then provides a residuary clause. But unlike the usual and ordinary language of a residuary clause, she conditions it by stating: "After the payment of all my just and lawful debts, I give, devise and bequeath . . ." etc. Such a condition does not appear in the usual residuary clauses. See Texas Forms, Wills § 24:151 (1969); Modern Legal Forms § 9635 (1968).

The placement of the residuary clause immediately after such bequests, together with the conditioning language ("after the payment of all my just and lawful debts") indicates that the testatrix intended that the prior cash bequests be included within

the word "debts" as obligations, and only after those cash bequests had been fully satisfied from either the cash on hand, if sufficient, or by the sale of her estate, real, personal or mixed, that whatever so remained be placed in trust for her nephew.

Only by applying such a construction to the subject will can the testatrix's wishes be carried out regardless of her true financial condition, be it that she die seized of all or little cash or all or little real property. It, therefore, becomes unnecessary to construe the word "funds", as such, in that its meaning can be clearly ascertained from a review of the whole will itself from "its four corners".

Paragraph nineteen (containing the disputed word "funds") being conditioned in itself, becomes controlling only in the event that after the sale of the testatrix's estate, not otherwise disposed of by her will, there are insufficient assets to satisfy all the cash bequests (debts), then such cash bequests are to be proportionately reduced.

■ It is, therefore, clear to us that by our considering all the provisions of the will, that the testatrix intended that the cash bequests (paragraphs two through twelve and seventeen) be satisfied from the cash on hand, and if that be not enough, then from proceeds of the sale of her estate, real, personal or mixed; that only if there were insufficient assets to satisfy those cash bequests, would those cash bequests be proportionately reduced as paragraph nineteen suggests. Appellants' points one, two, three and four are overruled.

In their fifth point, appellants contend that it was error for the trial court to award interest on the specific cash bequests from the date that the last debt was paid because there are no pleadings or summary judgment evidence to support a judgment for interest. We find, however, that the Plaintiffs' Original Petition contains a prayer "that they have such other and further relief to which they may show themselves entitled." We also find in Plaintiffs' First Supplemental Petition a prayer that "the court declare . . . the extent . . . and the manner in which . . . the

gifts to Plaintiffs in said will made shall be satisfied." Further, the parties have stipulated that the date upon which the last debt was paid was February 3, 1972.

■ We hold that in the absence of a special exception, a prayer for "such other and further relief to which they may show themselves entitled" will support an award of interest. *Lone Star Gas Company v. Mitchell,* 407 S.W.2d 543, 545 (Tex.Civ.App. —Tyler 1966, no writ); Rule 48, T.R.C.P.; Rule 90, T.R.C.P. The appellants did not specially except to this portion of the pleadings. The appellants' fifth point is overruled.

By way of cross-point, appellees contend that interest on the specific bequests should commence one year from the date of the testatrix's death, which would be September 21, 1970. In the alternative, appellees contend that interest should commence from the date the will was admitted to probate, October 8, 1969.

■ Texas has recognized the general rule that unless prohibited by the will or by statute, legacies bear interest from the date they become due and payable. *Williams v. Smith,* 146 Tex. 269, 206 S.W.2d 208, 217 (1947). Of course, if the will provides that the legacies are not payable until after the debts (other than cash bequests) of the estate are paid, then the interest will not commence until the date the last debt is paid. *Geraghty v. Randals,* 224 S.W.2d 327, 331 (Tex.Civ.App.—Waco 1949, no writ).

■ The will in the present case provides in the first numbered paragraph that the debts of the estate are to be paid as soon as reasonably convenient after the testatrix's death. The following numbered paragraphs, two through seventeen, set out the specific legacies. Paragraph eighteen provides that the residual shall pass after the payment of all the just and lawful debts. It appears clear that bequests passing under the residuary clause, paragraph eighteen do not become due and payable until the debts are paid. If only debts of the estate were considered, then paragraph

two through twelve and seventeen would have no effect whatsoever, as everything would go to the residuary beneficiary. We find no other provision in the will that expressly limits the time at which the legacies become due and payable. Giving effect to the expressed intention of the testatrix, the specific legacies should be paid as soon as the other debts of the estate are paid. The trial court, therefore, correctly awarded interest from the date the last debt of the estate was paid. *Geraghty v. Randals,* supra. Appellees' cross-point is overruled.

In their sixth, and final point, the appellants complain that the trial court erred in overruling appellants' motion for summary judgment because they have supported their motion by sufficient summary judgment evidence to establish as a matter of law the testatrix's intent in using the word "funds" as limiting language meaning cash or cash assets. For the reasons we have discussed in appellants' first, second, third and fourth points, we overrule appellants' sixth point.

The judgment of the trial court is AFFIRMED.

BISSETT, J., not participating.