CORPUS CHRISTI NATIONAL BANK,
Co-Trustee, Appellant,

v.

Clyde H. GERDES, Individually and as Receiver of the Estate of Casper Gerdes, Jr., Deceased, et al., Appellees.

No. 1136.

Court of Civil Appeals of Texas, Corpus Christi.

May 12, 1977.

Rehearing Denied June 2, 1977.

Lev Hunt, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

Charles Cunningham, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

In this appeal the primary question to be resolved is whether an exculpatory provision in a trust document specifying that a trustee shall not be liable for any mistake, error of judgment, or negligence is binding on the beneficiaries of the trust. We hold that the provision here is binding.

The Corpus Christi State National Bank (now Corpus Christi National Bank) was designated independent executor and co-trustee in the will of Casper Gerdes, Jr. After Gerdes had died, and after the Bank

had begun the administration of the estate, discord arose between the Bank and the beneficiaries. Whereupon the Bank brought this action seeking to resign as trustee, for increased compensation, and for attorneys' fees.

In response, Clyde Hollingsworth Gerdes, individually, as a beneficiary of the Gerdes' estate, as surviving wife, and as court appointed receiver of the estate; and Sally H. Gerdes, daughter of Casper and Clyde, the other beneficiary of the estate, both filed a cross-action against the Bank. In the cross-action Mrs. Gerdes and her daughter alleged negligence and gross negligence by the Bank in its handling of the estate properties and sought damages, both compensatory and exemplary. After a jury trial to a verdict, the trial court rendered judgment granting the Bank's application to resign as trustee, denying all the other relief on the Bank's action, and allowing Mrs. Gerdes recovery of $9,220.00 on her cross-action (subsequently reduced $750.00 by remittitur). On appeal all parties complain of that judgment.

While the suit was pending, Mrs. Gerdes was appointed receiver of the estate properties and the properties were delivered to her. The order allowing the Bank to resign as trustee is final and the order appointing Mrs. Gerdes receiver of the properties has been severed from that portion of the case being appealed; so those two matters are not before us.

The Bank has brought forward eight points of error. In its points 1, 2, 3, 4, 5 and 6 the Bank complains basically that the trial court erred in submitting special issues 4, 5, 6, 7, 8, 9, 13, 14 and 15 because the issues inquire about negligent conduct of the Bank, proximate causes and damages. Those issues were answered favorably to the appellees and pertain to three basic categories: handling of the oil mill property in Taft, Texas; handling of property located in Louisiana; and partitioning assets of the estate. The Bank contends that the will of Casper Gerdes, Jr., expressly provided that the trustee-Bank should not be liable for negligence.

These contentions, therefore, require us to consider the construction and meaning of the subject will and testamentary trust of Gerdes. The general rule of construction for both trusts and wills is to ascertain the intent of the maker. *Stewart v. Selder*, 473 S.W.2d 3 (Tex.Sup.1971); *Ruby v. Green*, 535 S.W.2d 385 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n. r. e.). But if the language of the instrument is unambiguous and expresses the intention of the maker, it is unnecessary to construe the instrument because it speaks for itself. In such a situation a trustee's powers are conferred by the instrument and neither the trustee nor the courts can add to or take away from such powers, but must permit it to stand as written and give to it only such construction as the trustor intended. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960); *Jackson v. Templin*, 66 S.W.2d 666 (Tex.Com.App.1933, jdmt adopted); *Sanderson v. First National Bank in Dallas*, 446 S.W.2d 720 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

The will of Casper Gerdes, Jr., deceased, expressly provided that neither the trustee nor the independent executor should be held liable for any mistake or error of judgment or negligence as follows:

"ARTICLE IV

(A) . . . .

(6) *Liability of Trustee*

No Trustee, Co-Trustee or successor Trustee shall be liable for any mistake or error of judgment or negligence, but shall be liable only for her or its own dishonesty."

\* \* \* \* \* \*

"ARTICLE IX

. . . . I also direct . . . that during the existence of such Executorship, my Independent Executor shall have and exercise all of the applicable rights, powers and privileges granted in this will to the Trustees of the Trust created herein . . . ."

The Texas Trust Act, art. 7425b–21 specifies that a trustee may be held liable for torts that he commits. Article 7425b–22 of

the same Act, however, gives the trustor the power to relieve his trustee from any liabilities imposed by the Act by the following provision:

"The trustor of any trust affected by this Act may, by provisions in the instrument creating the trust, or by an amendment of the trust if the trustor reserved the power to amend the trust, relieve his trustee from any or all of the duties, restrictions, and liabilities which would otherwise be imposed upon him by this Act; or alter or deny to his trustee any or all of the privileges and powers conferred upon the trustee by this Act; or add duties, restrictions, liabilities, privileges, or powers to those imposed or granted by this Act; but no act of the trustor shall relieve a corporate trustee from the duties, restrictions, and liabilities imposed upon it by Sections 10, 11, and 12 of this Act."

Section 10 pertains to loan of trust funds, Section 11 to corporate trustee depositing trust funds with itself, and Section 12 pertains to a trustee buying from or selling to itself, none of which apply to this case.

Thus, by express statutory authorization, a trustor may relieve a corporate trustee of all duties, restrictions, and liabilities imposed by law except for the three instances set out, which are not applicable here. In view of this authorization we find the unambiguous provisions of the deceased's will controlling and the trial court in error for submitting to the jury the issues based on negligence and for rendering judgment based on the answers thereof. See 83 A.L.R. 616 et seq. (1933). We note also that Mrs. Gerdes testified that she did not claim the bank was dishonest, only negligent.

Appellees assert that an exculpatory clause like the one in the Gerdes' will is void as against public policy and they cite *Langford v. Shamburger,* 417 S.W.2d 438 (Tex. Civ.App.—Fort Worth 1967, writ ref'd n. r. e.). In *Langford,* the beneficiaries sued the trustee for interest on trust funds not invested, for commingling of trust funds, and for profits through self-dealings. The trus-

tee asserted as one defense to these actions the following exculpatory clause.

"No trustee shall ever be liable for any act of omission or commission unless such act is the result of gross negligence or of bad faith or of the trustee's own defalcation, and no trustee shall ever be liable individually for any obligation of the trust."

The court held that this language could not excuse the trustee for the "misapplication or mishandling" of trust funds. In a written opinion denying appellee's motion for rehearing the court explained this statement as follows:

"Appellee again directs our attention to the exculpatory language of the trust instrument which relieves a trustee from liability except for gross negligence. Appellee contends that we have in effect held that such exculpatory language is unlawful, thus going contrary to the great weight of authority in this State which has upheld similar exculpatory language in other trust instruments. Our holding is not so broad and should not be so construed. *What we have held is that the exculpatory language in the trust instrument here under consideration does not authorize self-dealing by a trustee.* In view of the language of Section 10 of the Texas Trust Act, Article 7425b, we further express the opinion that the language of a trust instrument which specifically authorizes self-dealing by a trustee could present a serious question of public policy." (Emphasis supplied).

It is clear, therefore, that the public policy prohibition is limited to exculpatory clauses which authorize self-dealing, which is not in our case. The appellant's points 1, 2, 3, 4, 5, and 6 are sustained.

In appellant's final points it alleges that the trial court erred: 7) in failing to rule on the Bank's request for additional compensation as trustee under the will and as authorized by such will; and 8) in failing to rule that the Bank recover its attorneys' fees, as authorized by the will, and in submitting such issue to the jury. Even if we accept appellant's version of the provisions

of the will that the trial *judge* should decide matters of additional trustee compensation and attorney's fees, we still must hold that its contentions are without merit, as we will demonstrate. We pause to note that appellant is not here challenging the jury findings on grounds of legal or factual insufficiency of the evidence.

The facts in that regard are these. At the preparation of the charge stage of the trial, the appellant requested, and was granted, issues which were submitted to the jury on the matters of the trustee compensation and attorneys' fees. The jury responded with answers unfavorable to the Bank. Then in its judgment, based on the jury verdict, the trial court provided that the Bank recover nothing on its claims for additional trustee compensation and attorneys' fees.

 The law in that respect is that error in submitting a special issue cannot be urged by a party who requested the submission. Or, in other words, as was done here, a litigant cannot ask something of a court and then complain that the court committed error in giving it to him. *Northeast Texas Motor Lines v. Hodges,* 138 Tex. 280, 158 S.W.2d 487 (Tex.Com.App.1942, opinion adopted); *Bales v. Delhi-Taylor Oil Corporation,* 362 S.W.2d 388 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.); 4 Tex. Jur.2d, Rev. Part 2, Appeal and Error, Civil Cases 691 (1974). Appellant's points 7 and 8 are overruled.

All of which brings us to a consideration of appellees' cross-points, seven in number. Appellees' cross-points 1, 2, 3, 4 and 7 are complaints about damages: 1) and 2) inadequate; 3), 4) and 7) none. The brief and appropriate answer to those contentions is that because we have held in the forepart of this opinion that there is no basis for a judgment in favor of the appellees in the jury verdict, any asserted error by the appellees about damages becomes immaterial. In other words, if there is no basis for liability, then damage issues become immaterial. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334 (Tex.Com.App.1939, opinion adopted);

*Barkley v. Dudley,* 495 S.W.2d 280 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). Appellees' points 1, 2, 3, 4, and 7 are overruled.

Finally, in their cross-points 5 and 6, the appellees urge error by the trial court's failure to submit special issues and an instruction on gross negligence on the part of the Bank. Because we have held above that the appellees are not entitled to any actual or compensatory damages, there can be no recovery for exemplary damages. *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934); *Sandone v. Dallas Osteopathic Hospital,* 331 S.W.2d 476 (Tex.Civ.App.—Amarillo 1960, writ ref'd n. r. e.). The asserted errors concerning exemplary damages therefore become immaterial. *Bifano v. Econo Builders, Inc.,* 401 S.W.2d 670 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.); 17 Tex.Jur.2d Damages § 177 (1960). Appellees' points 5 and 6 are overruled.

Therefore, that part of the trial court's judgment adjudging recovery by the appellees against the appellant is reversed and here rendered that the appellees take nothing on their cross-action. The trial court's judgment is in all other respects affirmed. Costs are taxed two-thirds to the appellees and one-third to the appellant.