Cecile Morris PRICE, et vir, Appellants,

v.

Robert M. JOHNSTON, et al, Appellees.

No. 2050.

Court of Appeals of Texas,
Corpus Christi.

April 29, 1982.

Rehearing Denied May 27, 1982.

Second Motion for Rehearing Denied
June 30, 1982.

Kevin Cullen, Cullen, Carsner, Seerden & Williams, Victoria, for appellants.

Joseph P. Kelly, Jack Marr, Kelly Stephenson & Marr, O. F. Jones, Victoria, for appellees.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment in favor of defendants in a suit brought by the beneficiary of a testamentary trust. The suit sought removal of the trustee and cancellation of a deed which conveyed trust property from the trustee to a relative of the trustee.

The trust instrument was the will of Rose Morris. It created two trusts, one (which we will refer to as the "Price" trust) for the

benefit of Cecile Morris Price, her daughter, and one (which we will refer to as the "Johnston" trust) for the equal benefit of her three grandsons, Robert Morris Johnston, Harold M. Johnston, Jr., and Thomas M. Johnston. The trust property for each trust was an undivided one-half interest in a house and the land on which it was located. Trustee for the Price trust was defendant Robert M. Johnston. We learn from the briefs that the Johnston trust was terminated and that, by means of various transfers, Harold M. Johnston became the sole owner of the one-half interest in the house originally owned by the Johnston trust. After giving notice to Cecile Morris Price, Robert M. Johnston, as trustee, sold the remaining one-half interest in the house owned by the Price trust to his brother Harold, thereby making him the owner in fee of the entire property. Cecile Price, joined by her husband, Orville Price, brought suit against Robert M. Johnston and Harold Johnston, defendants, to cancel the sale and against Robert M. Johnston to remove him as trustee of the Price trust.

As grounds for cancellation of the deed, the petition alleges that the trustee was without power under the trust instrument or by virtue of the Texas Trust Act to sell the trust property to a relative (his brother) and that the consideration for the interest sold was inadequate. As ground for removal, the petition alleges that Robert Johnston violated his fiduciary duties by selling the trust property for an inadequate consideration and by selling the property to his brother in violation of the trust instrument and the Texas Trust Act.

The trial court granted the defendants' motion for summary judgment in which defendants allege that, as a matter of law, "under the terms of the Will in question . . . that the Trustee was specifically vested with the power and authority to sell Trust property, to any person, whether a beneficiary of the Trust, a Co-trustee, or a member of his family." In this we find that the trial court erred.

The will provides that "The Texas Trust Act . . . shall govern and apply to the trustee, and trust under this Will, except where this Will may contain provisions contrary to or different from the provisions of said Act."

The Act, Tex. Rev. Civ. Stat. Ann. art. 7425b–12 (Vernon Supp. 1981), provides in part:

"A trustee *shall not . . . sell, either directly or indirectly,* any property owned by . . . the trust estate . . . *to a relative* . . . ." (emphasis supplied)

The defendant, in his motion for summary judgment, contends this restriction on the power of a trustee to sell trust property was removed by provisions of the will.[1]

---

1. Relevant portions of the will contain these provisions:

III. "6. *Powers of Trustee*

The trustee hereunder, acting alone and in his sole discretion, *without the joinder or concurrence of any beneficiary or any other person, shall have and is hereby given and granted the full power and authority,* from time to time, and at any time the trustee may deem proper, and successively, without the necessity of any court proceeding, order, decree or confirmation, to do, execute and perform each and all of the following:

(a) *To sell and convey any or all of said trust estates,* either real or personal property, *on such terms, time and conditions,* either for cash or partly for cash and with deferred payments secured by liens on the property sold, *as the trustee may see fit,* and to receive the cash payment on any such sale or sales, and to execute, acknowledge and deliver good and sufficient transfers, assignments and bills of sale, all with covenants of general warranty;

\* \* \* \* \* \*

(i) *To enter into any agreement deemed advisable by the trustee* for the partition and division of any real or personal property which may be owned in common by said trust estates or any of them, and any other person or persons, and to execute, acknowledge and deliver good and sufficient deeds of partition and deeds of conveyance carrying out any partition or division between said trust estates or any of them, and any other person or persons, of any property which

Article 7425b–22 permits the trustor to negate the prohibition on sales to relatives if the trust instrument makes specific provisions for the same in the trust instrument:

"The trustor . . . may, by provisions in the instrument creating the trust . . . relieve his trustee from any and all of the duties, restrictions and liabilities which would otherwise be imposed on him by this act. . . ."

In his brief, defendant points to certain phrases contained in the will (trust) which he argues gives him the power to sell trust property to a relative. Those phrases are the one in paragraph III, Sec. 6, which reads: ". . . without the joinder or concurrence of any beneficiary or any other person . . ."; the one in paragraph III, Sec. 6(a), which reads, ". . . on such terms, time, and condition, . . . as the trustee may see fit . . ."; the one in paragraph III, Sec. 6(i), which reads, "To enter into any agreement deemed advisable by the trustee . . ."; the one in paragraph III, Sec. 6(n), which reads, ". . . all as the trustee may deem fit"; the one in paragraph III, Sec. 7, which reads, ". . . such individual interest of the trustee shall in no way limit the powers herein given and granted . . ."; and the one in paragraph III, Sec. 7, which reads, ". . . but all acts of the trustee under the terms hereof shall be valid and binding upon the trust estates and the beneficiaries thereof, whether such acts prove of benefit to such trust estates or not." Defendant also points to the following sentence from paragraph IV: "I hereby authorize and empower my Executor to exercise and perform all of the powers of sale, leasing and disposition of the properties of my Estate as I have conferred upon my Trustee in the preceding Paragraph II of this Will, all free from the control of the Probate Court and without the joinder or concurrence of any beneficiary, to be exercised by my Executor in his sole discretion as he may deem fit."

Reading the entire trust instrument as a whole, we find that it does not specifically permit the trustee to sell the trust property to his brother. It would have been a very simple thing for the trustor, under paragraph III, Sec. 6(a), to have provided that the trustee could sell and convey any and all of the trust property to any person, firm,

may be so owned in common; and to partition and divide as between said trust estates any property owned by said trusts in common;

(n) To sell or purchase from any other trust estate, whether created hereunder or not, whether or not the same or a different beneficiary be involved, and whether or not the same trustee may be involved, any assets or property of any nature, and to exchange assets or properties with any such other trust estate, *all as the trustee may deem fit.*

\* \* \* \* \* \*

The Texas Trust Act, and all future and subsequent amendments thereto, when and after same become effective, shall govern and apply to the trustee and trusts under this will, except where this will may contain provisions contrary to or different from the provisions of said Act.

7. *Individual Interest of Trustee*

If any trustee should be individually interested as a co-tenant or partner in any real or personal property in which said trust estates or any of them may also have or hereafter at any time possess any interest, *such individual interest of the trustee shall in no way limit the powers herein given and granted* to such trustee, and shall in no way disqualify such trustee from exercising any of such powers and authorities as trustee, including without *limitation the power to enter into partnership agreements in which he may be involved individually,* as well as other businesses and undertakings in which the trustee may have individual interest, and also including the power to carry into effect partitions and exchanges in which said trustee may be individually involved or interested, and including any and all other powers and authority which may have been granted hereinabove under this will. . . . The trustee shall not be liable for mistakes in business judgment honestly committed in regard to said trust estates, and shall not be liable for any depreciation in value of any property or securities belonging to the trust estates, regardless of whether or not such property and securities be purchased by said trustee under the powers of investment given above, *but all acts of the trustee under the terms hereof shall be valid and binding upon the trust estates and the beneficiaries thereof, whether such acts prove of benefit to such trust estates or not."* (emphasis supplied)

corporation, including relatives of the trustee—the Texas Trust Act, art. 7425b–12, prohibiting the same notwithstanding. The paragraphs referred to by the defendant in the trust instrument do not especially permit a sale to a relative; rather, these provisions define rather broadly the powers especially given to the trustee.

■ The Texas courts have never interpreted liberally the broad powers of management as a justification for lessening the high standards to which fiduciaries are held under the Texas Trust Act. See *Slay v. Burnett Trust,* 143 Tex. 621, 187 S.W.2d 377 (1945). When a derogation of the Act hangs in the balance, a trust instrument should be strictly construed in favor of the beneficiaries. Since the will does not specifically permit the sale to a "relative," the Texas Trust Act must apply, which prohibits the intended sale. Compare *Corpus Christi National Bank v. Gerdes,* 551 S.W.2d 521 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) with *Furr·v. Hall,* 553 S.W.2d 666 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.).

It is not necessary for us to consider appellants' point of error relative to inadequacy of consideration since the sale to the brother cannot take place.

The judgment of the trial court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

### OPINION ON MOTION FOR REHEARING

Both defendants below, Robert M. Johnston and Harold Johnston, Jr., have filed motions for rehearing. In point number two of Robert M. Johnston's motion for rehearing, he challenges the next to last sentence of our original opinion insofar as it may be read to prohibit a sale of the corpus of the Price Trust to Harold Johnston under *any and all circumstances.* This, we did not intend to do. A sale under the summary judgment evidence cannot take place.

The Texas Trust Act, Tex. Rev. Civ. Stat. Ann. art. 7425b–24 (Vernon 1960), provides in part, however, that:

E. A court of competent jurisdiction may, for cause shown and upon notice to the beneficiaries, relieve a trustee from any or all of the duties, limitations, and restrictions which would otherwise be placed upon him by this Act, or wholly or partly release and excuse a trustee, who has acted honestly and reasonably, from liability for violations of the provisions of this Act.

■ Therefore, the trial court may, at the conclusion of a trial on the merits, for "cause shown," excuse the trustee for his acts and ratify a sale of the property.

■ Defendants also urge in their motions for rehearing that we sustain the trial court's summary judgment that the price given in the sale was adequate. This we cannot and should not do.

It appears that the only evidence bearing on the issue of adequacy of consideration consisted of the uncontroverted opinions of defendants' experts, offered through affidavits. These opinions are of questionable validity. One of the purportedly expert opinions was attached to the affidavit of a defendant who swore only that the attached document was relied upon in determining the consideration for the sale. There was no affidavit of the expert himself, proclaiming the required personal knowledge and competency to testify to the matter.

Rule 166–A, T.R.C.P., states that: "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."

In this case, the summary judgment affidavits containing opinion evidence were insufficient to establish as a matter of law the adequacy of the price paid for the trust property. See *Mobil Oil Corp. v. Matagorda County Drainage Dist. No. 3,* 580 S.W.2d 634, 639 (Tex. Civ. App.—Corpus Christi 1979), *rev'd on other grounds,* 597 S.W.2d 910 (Tex. 1980).

As we have heretofore stated, upon a trial on the merits, should the proof offered be such that the sale should be authorized, then in the interest of justice, the adequacy of the consideration should also be fully developed before the sale should be approved.

The defendants' motions for rehearing are overruled.