Romeo **MUNOZ**, Sr., et al., Appellants,

v.

**MISSOURI PACIFIC RAILROAD COMPANY d/b/a Union Pacific Railroad, et al., Appellees.**

No. 13–90–191–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 23, 1992.

Ramon Garcia, Catherine W. Smith, Law Offices of Ramon Garcia, P.C., Edinburg, Francisco J. Rodriguez, Rodriguez, Partida & Pruneda, McAllen, for appellants.

Norton A. Colvin, Jr., Marjory Colvin, Rodriguez, Colvin & Chaney, Eduardo R. Rodriguez, Brownsville, Keith C. Livesay, Barron, Orendain, Malany & Flanagan, Neil Norquest, McAllen, for appellees.

Before DORSEY, KENNEDY and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a take-nothing judgment in a jury trial arising out of a fatal collision between an automobile and a train. Appellants, the Munozes, complain by their first point of error that the trial court should not have admitted the testimony of two impeachment witnesses whom Missouri Pacific Railroad Company and Walter Jay Lee, III, appellees, failed to include in their response to interrogatories. By their second point of error, the Munozes contend that the trial court erred in failing to admit evidence of Lee's past acts.

The parents of Romeo Munoz, Jr., sued the Railroad and Lee, one of the Railroad's conductors, under the Wrongful Death and Survivorship Statute, both individually and on behalf of the estate of their son. The fatal accident occurred when the automobile Munoz, Jr., was driving and the train Lee was conducting collided at a railroad crossing.

The issues are two: did the trial court err in allowing two impeachment witnesses to testify for the appellees when they were not included in appellees' supplemental answers to interrogatories; and did the court err in excluding evidence of past train accidents in which Lee was involved. The Munozes contend that good cause did not exist to allow the impeachment witnesses' testimony and that Lee's prior accident record was material to a finding of gross negligence committed by both the Railroad and Lee. Appellees maintain that good cause did exist and that the issue of gross negligence is immaterial in light of the take-nothing judgment entered against the Munozes.

The Munozes filed suit on June 1, 1989, and in October of 1989, the appellees' present attorneys were substituted as counsel. The Munozes served appellees with interrogatories, which appellees answered. Trial was set for December 4, 1989, and began on that day. Prior to trial, appellees subpoenaed one of the Munozes' designated eyewitnesses, Olga Escobedo, for deposition but the witness failed to appear. Consequently, the court compelled Escobedo to appear for a December 5, 1989, deposition taken the day after trial began. At her deposition, Escobedo stated that at the time of the accident, she was en route to a class taught by Elizabeth Gratz at Pan American University. She also testified that when she arrived at her class, she told her professor about this train accident. Finally, Escobedo stated that she had a Bachelor of Arts and a Bachelor of Science degree from Pan American University.

Escobedo was scheduled to testify at trial on December 8, 1989. She failed to appear. At 4:45 that afternoon, the Munozes opted to read Escobedo's deposition into the record in place of her live testimony. The following Tuesday, December 12, 1989, appellees called Gratz to testify for purposes of impeaching the credibility of Escobedo, who purportedly falsely testified in her deposition about the previously listed

issues concerning Pan American University. The Munozes promptly objected to the testimony of Gratz, contending that appellees did not supplement their answers to interrogatories to include Gratz as a person with knowledge of relevant facts of the case; therefore, she should not be allowed to testify. The trial court held an *in camera* show-cause hearing during which appellees also asked the court to allow the impeachment testimony of Pan American University's Registrar, David Zuniga. The court allowed the testimony of both, finding the requisite good cause to do so.

By the Munozes' first point of error, they maintain that the trial court erred in allowing the testimony of two impeaching witnesses because appellees failed to file a supplemental response to interrogatories including the names of these witnesses. Texas Rules of Civil Procedure 166b(6) and 215(5) are controlling here.

Tex.R.Civ.P. 166b(6)(a) provides:

a party is under a duty to supplement his response [to discovery] if he obtains information upon the basis of which:

\*      \*      \*      \*      \*      \*

(2) he knows that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading;
...

Tex.R.Civ.P. 215(5) requires:

a party who fails to respond to or to supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of ... any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown on the record.

In the case before us, Plaintiff's Interrogatory # 11 directed,

identify each and every person known to you who has knowledge of *facts or dis-*

*coverable matters ...* that are or may be relevant to *any* issues in this lawsuit. (emphasis added).

Appellees responded to all interrogatories, failing to include Gratz' and Zuniga's names only because appellees had not discovered their existence at the time.

■ Appellees called the two witnesses to impeach Escobedo. Gratz testified that Escobedo withdrew from her class long before this accident occurred, and that Escobedo never spoke with her about this accident. Zuniga, as University Registrar, testified that Escobedo did not receive two degrees from the university. Due to the broad language of the Munozes' interrogatory, Gratz and Zuniga are people with knowledge of facts or discoverable matters relevant to an issue in the action, namely, the credibility of one of the Munozes' witnesses. Consequently, appellees had a duty to supplement their response to include these two witnesses pursuant to Rules 166b(6) and 215(5). *Clayton v. First State Bank*, 777 S.W.2d 577, 578 (Tex. App.—Fort Worth 1989, writ denied).

■ Rule 215(5) and Texas case law provide an exception to this duty to supplement where the proffering party proves that good cause compels the admission of the testimony. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986); *Ramos v. Champlin Petroleum Co.*, 750 S.W.2d 873, 876 (Tex.App.—Corpus Christi 1988, writ denied); *Gannett Outdoor Co. v. Kubeczka*, 710 S.W.2d 79, 84 (Tex.App.—Houston [14th Dist.] 1986, no writ). The party offering the undisclosed witness must show good cause for its failure to timely identify the witness.

■ The court held a hearing *in camera* to determine whether there was good cause to allow the testimony of the rebuttal witnesses in this case. The standard by which we review the court's determination of a showing of good cause is abuse of discretion. *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243, 246–47 (Tex.1985); *Morrow*, 714 S.W.2d at 298. To ascertain abuse of discretion, we look to see if the court acted without refer-

ence to guidelines or principles. *Morrow*, 714 S.W.2d at 298.

■ During the *in camera* hearing, appellees showed the court that they did not learn of either Gratz's or Zuniga's existence until Escobedo testified in her deposition.[1] Gratz herself testified *in camera* that she was contacted by appellees' attorney for the first time the day Escobedo was deposed. Furthermore, appellees stated that they originally intended to use documentary evidence to impeach Escobedo, anticipating that she would testify live. However, when Escobedo failed to appear at trial, and Munoz opted to admit Escobedo's deposition testimony in place of her live testimony, appellees were forced to call live impeachment witnesses.

The trial court also considered *Gannett Outdoor, supra,* when making its determination that good cause existed to allow Gratz and Zuniga to testify. Although *Gannett Outdoor* dealt with the admission of testimony from a surprise expert witness, under the purvey of Rule 215(5), the case is dispositive here. In *Gannett Outdoor,* the defendant called an unannounced expert witness at trial who was not included in defendant's response or supplemental response to plaintiff's interrogatories. The defendant contended that the witness' testimony was to be used for purposes of rebuttal only, as the plaintiff's witnesses testified falsely. The court found that good cause existed to allow the testimony of the expert, as the defendant could not have anticipated this false testimony. *Gannett Outdoor,* 710 S.W.2d at 84. Furthermore, the court held that without the rebuttal witness' testimony, only the falsified version of the case would have been presented, and material and relevant facts would have been withheld from the court and from the jury. *Id.* at 84–85.

This Court has held that "when a witness' knowledge of relevant facts is first established through matters discovered and developed during trial, the failure to timely supplement answers to interrogatories is justified." *K–Mart Corp. v. Grebe*, 787 S.W.2d 122, 127 (Tex.App.—Corpus Christi 1990, writ denied). We hold that the trial court did not abuse its discretion in finding good cause to admit the rebuttal testimony of Gratz and Zuniga. Point of error one is overruled.

■ By their second point of error, the Munozes contend that the trial court erred in failing to admit Lee's prior accident record into evidence. The Munozes attempted to admit Lee's past accidents to support their theory that both the Railroad and Lee were grossly negligent and therefore should be held liable for exemplary damages. The court allowed the Munozes to admit evidence of only two of Lee's accidents.

The court's charge required the jury to consider the gross negligence of the appellees only if they found Munoz, Jr. was less than 50% negligent. The jury found Munoz, Jr. 80% negligent while finding the Railroad and Lee each 10% negligent. Therefore, a take-nothing judgment was entered against the Munozes. Because the jury found no liability on the part of the appellees, and therefore no basis for judgment for Munoz, any asserted error regarding gross negligence and exemplary damages is now immaterial. *Sinko v. City of San Antonio*, 702 S.W.2d 201, 208 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.); *Jordan v. Ortho Pharmaceuticals, Inc.*, 696 S.W.2d 228, 237 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Corpus Christi Nat'l Bank v. Gerdes*, 551 S.W.2d 521, 525 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Bifano v. Econo Builders, Inc.*, 401 S.W.2d 670, 677 (Tex.Civ.App.— Dallas 1966, writ ref'd n.r.e.). In *Gerdes,* appellee complained by cross point that the trial court erred in failing to submit both special issues and an instruction on gross negligence. In that case, this Court held that because there was no basis for judgment in favor of the appellee, and therefore appellee was not entitled to actual damages, there could be no recovery for exem-

1. The trial began on Monday, December 4 and Escobedo was deposed on December 5. On Friday, December 8, Escobedo was scheduled to testify at trial but failed to appear. On Tuesday, December 12, the court held the *in camera* hearing.

plary damages. *Gerdes*, 551 S.W.2d at 525. The errors concerning exemplary damages thus became immaterial. *Id.*

The jury found no basis for judgment in favor of the Munozes in this case; therefore, any issues regarding recovery of exemplary damages for gross negligence are immaterial. We overrule point of error two.

The judgment of the trial court is AFFIRMED.

