**NIXON CONSTRUCTION COMPANY et al.,
Appellants,**

v.

**Joe A. ROSALES, Appellee.**

**No. 5972.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 22, 1969.

Rehearing Denied Feb. 12, 1969.

Edwards, Belk, Hunter & Kerr, Berry H. Edwards, El Paso, for appellants.

Malcolm McGregor, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

Appellee, Rosales, a sub-contractor on a warehouse construction project, brought suit against the original contractor for his expenses for work completed under his contract and for loss of profits in being prevented from completing his contract. Appellant Nixon Construction Company was the original contractor, and appellant D. H. Overmyer Co., Inc. was the owner of the property, and appellant Commercial Union . Insurance Company of New York was principal on a bond filed by the owner pursuant to Article 5472c, Vernon's Ann. Civ.St., regarding a mechanic's lien claimed by Rosales. Following the answer of special issues by a jury, judgment was entered for Rosales in the amount of $3,-

080.00 for expenses of the completed work, against Nixon, Overmyer, and Commercial Union, plus $1,500.00 attorney's fees, and the mechanic's lien was ordered foreclosed in the sum of such amounts, and an order of sale as under execution was ordered to issue as to such sum. It was further ordered that Rosales recover of Nixon the additional sum of $3,600.00 for loss of profits. We affirm in part and reverse and render in part.

■ Error was assigned as to the court's allowance of evidence that other sub-contractors of Nixon on this job site and another site had not been paid, or were paid late. This evidence was presented by a number of witnesses called by Rosales and was permitted over objections when offered, and following the filing of a motion in limine to suppress it, which the court took under advisement at the commencement of the trial. Its admission was error because it was not relevant or material to any issue. As a general rule, evidence will be deemed relevant and material only if it tends to prove or disprove any fact in issue. Alexander v. Gilkerson, Tex.Civ.App., 433 S. W.2d 13 (n. w. h.); 23 Tex.Jur.2d, pages 178–179. Of the five issues submitted to the jury, none had any logical or relevant connection with this evidence—that others dealing with Nixon had not been paid or were paid late. Briefly, the issues were: (1) whether Rosales' completed work was done in a workmanlike manner; (2) whether Nixon prevented Rosales from completing his contract by not having certain preliminary work done; (3) the amount of Rosales' expenses; (4) the amount of profit Rosales would have realized if allowed to complete; and (5) value of the attorney's fees. A difficult question is presented as to whether this improper evidence probably influenced the verdict unfavorably to appellants. This question is to be determined as a matter of our judgment in the light of the record as a whole. Pittman v. Baladez, 158 Tex. 372, 312 S. W.2d 210 (1958). And in that case the Supreme Court set out the burden of one

who seeks to establish that the inadmissible evidence was prejudicial:

> " * * * and was not required to prove or demonstrate that but for the erroneous action of the trial court in admitting the testimony, a different judgment would necessarily have resulted. See Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191, 192; Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115. It was only necessary that he establish that the evidence was reasonably calculated to and probably did cause the rendition of an improper judgment. See American General Ins. Co. v. Jones, 152 Tex. 99, 255 S.W.2d 502; Missouri-Kansas-Texas Railroad Co. v. McFerrin, Tex., 291 S.W.2d 931, 944; Rules 434 and 503, Texas Rules of Civil Procedure."

From a consideration of the whole of the record in this case, we are unable to conclude that the inadmissible evidence probably did cause the rendition of an improper verdict and resulting judgment. The evidence that others dealing with Nixon had not been paid or were paid late did not bear on any issue before the jury, and the fact that there was ample admissible evidence to support the findings of the jury on such issues lead us to this conclusion. The appellants' first point of error is therefore overruled.

■ Appellants' contention that the plaintiff Rosales failed to prove that he had perfected his lien against the property in question is overruled. Article 5453, in part, provides:

> "(2) Where the claim consists of a lien claim arising from a debt incurred by the original contractor, no such notice need be given to the contractor but notice to the owner, as prescribed in pargraph 2b(1) of this Article will be sufficient."

Notice was given to the owner, and this being a debt incurred by the original contractor, Nixon, notice to him was not necessary to perfect the lien claim.

■ The court erred in ordering the foreclosure of the lien and the issuance of an order of sale of the property as under execution because the appellants had filed their bond, as provided by Article 5472c V.A.C.S., and appellee failed to bring himself within the provisions of that statute as to foreclosure. The article provides that whenever a lien has been filed under the provisions of Chapter 2, Title 90, of the Revised Civil Statutes, the owner or contractor, with a corporate surety, may file a bond with the County Clerk in double the amount of the claimed lien payable to the lien claimant. The procedure is spelled out for the clerk to file the bond in the Mechanic's Lien Records and give notice to the claimant by a form of prescribed service. Sec. 4 of such Article provides:

> "No action shall be brought or maintained in any court to establish, enforce or foreclose any lien or claim of lien referred to in such bond unless same shall be brought within thirty days after the service of notice thereof as herein provided. After such 30 days and at any time within one year from the date of such service, the party making or holding such claim of lien may sue upon such bond but no action shall be brought upon such bond after the expiration of such period."

Appellants filed such a bond in this case, and appellee sued upon the bond and also sought foreclosure of his lien. His suit was not commenced within thirty days of receipt of notice, but it was commenced within one year thereof. Thus he did not bring himself within the terms of the statute for foreclosure of his lien, and that part of the judgment decreeing such foreclosure and order of sale is reversed. The monetary recovery allowed against the principals and the bonding company is not disturbed. To reach this conclusion, we do not find it necessary to hold that the filing of the bond effected a release of the lien, as discussed in the Supreme Court's opinion in Kelley v. Bluff Creek Oil Com-

pany, 158 Tex. 180, 309 S.W.2d 208. We simply hold that to effect foreclosure, appellee did not comply with the statutory law of this state, the same statutory law which gave him a lien in the first instance. He did not allege a constitutional lien.

█ Appellants urge that attorney's fees should not have been allowed for labor performed, as provided by Article 2226, V.A.C.S., when the recovery was on contract. Appellee sought attorney's fees under both Article 2226 and under the bond statute, Article 5472c. The trial court correctly allowed attorney's fees under the latter statute, which provides:

"Sec. 4a. In case the lien holder shall recover in a suit upon his lien or in a suit upon the bond he shall be entitled to recover in addition to his debt, a reasonable attorney's fee."

All points of error have been considered and, except as noted, all are overruled. The judgment is affirmed, except in so far as it decrees a foreclosure of lien and order of sale, and judgment is here rendered that there shall be no foreclosure of lien and no order of sale for same.