**William R. LAWLER, Jr., as Trustee of the Lawler Family Trust, Appellant,**

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION et al., Appellees.**

No. 19820.

Court of Civil Appeals of Texas, Dallas.

May 3, 1979.

Rehearing Denied June 27, 1979.

C. Thomas Wesner, Jr., Wesner, Wylie & Pleasant, Dallas, for appellant.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

George Nicoladze, intervenor below, sued Lomas & Nettleton Financial Corporation and Ken Klaveness, trustee, appellees, to enjoin the foreclosure sale of land under a deed of trust and for damages. From a dissolution of a temporary restraining order, the denial of a permanent injunction prohibiting the foreclosure and a take nothing judgment, this appeal was perfected by William R. Lawler, Jr., who after judgment, replaced Nicoladze not only in this case but also as trustee of the Lawler Family Trusts. We affirm.

The subject land is owned by the Lawler Family Trusts which include several trusts incorporated into one trust instrument. Under this instrument, Nicoladze, its then trustee, executed this deed of trust covering 18.89 acres of land and reciting that it secures a loan made by Lomas & Nettleton to a corporation named "121 Preston Corporation," owned by Roger Lawler and Horace Ainsworth. Subsequently, this loan was increased. Ainsworth brought the original suit for damages and an injunction restraining Lomas & Nettleton from foreclosure on different collateral securing the 121 Preston Corporation loan and Nicoladze intervened prior to Ainsworth's non-suit.

 Appellant attacks the trial court's findings of fact as first being unsupported by the evidence and second, as being so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In considering the no evidence point we must view the record for all the evidence and legitimate inferences supporting the findings and disregard all evidence to the contrary. If there is any probative evidence to support the court's findings we must overrule this point of error. In considering the second point, we must view the entire record for all the evidence and set aside the findings only if they are so contrary to the overwhelming weight of all the evidence as to be clearly wrong or manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). After examining the evidence, we overrule such points of error.

We consider appellant's thirty points of error in four segments: (1) does the instrument creating the Family Trusts authorize its trustee to execute this deed of trust; (2) was there valid consideration for the deed of trust obligation and liens; (3) was the interest rate usurious to the trustee; and, (4) was the modification and extension agreement of this loan admitted in evidence or even admissible.

In considering the trustee's authority to execute the deed of trust, we examine the trust instrument itself and find several provisions granting the trustee authority to act for the trust. Under "POWERS, DUTIES, AND RIGHTS OF TRUSTEE" we find the following:

(6) *Borrowing Money.* To borrow money and to execute promissory notes therefor, and to secure such obligations by mortgages or other liens or pledges of any property of the trust estate.

. . . . .

(13) *Desirable Powers Not Enumerated; Powers Under Changed Conditions.* To exercise such other powers as may be necessary or desirable in the management and control of the trust estate, whether the same be of like kind or character to those herein enumerated or not, in particular to enable the Trustee to act under changed conditions, the exact nature of which cannot now be foreseen.

Paragraph (16) section (i) specifically provides:

No purchaser from or other person dealing with the Trustee shall be responsible for the application of any purchase money or other things of value paid or delivered to the Trustee, but the receipt of the trustee shall be a full discharge; and *no*

*purchaser from or other person dealing with the Trustee* and no issuer or transfer agent or other agent of any issuer, of any securities to which any transaction with and Trustee shall relate, *shall be under any obligation to ascertain or inquire into the power of the Trustee to* purchase, sell, exchange, transfer, *mortgage,* pledge, lease, distribute, or otherwise in any manner dispose of or deal with *any securities or other property held by any trustee or comprising part of the trust estate.* [Emphasis added.]

■ We recognize the general rule of law in Texas that a power to sell trust property does not include the power to mortgage unless the terms of the trust expressly grant a mortgaging power or it can be implied from the terms of the trust. *Jackson v. Templin,* 66 S.W.2d 666, 670 (Tex.Comm'n App.1933, jdgmt. adopted). We hold, however, that the terms of the Lawler Family Trusts relieve a reasonably prudent lender from the duty of further inquiry as to the power of the trustee to execute this deed of trust. In *Eisel v. Miller,* 84 F.2d 174 (8th Cir. 1936), the court reached the same result in construing language in a trust instrument similar to paragraph 16 section (i) of the Lawler Trust instrument.

■ Appellant insists that because paragraph 16 is headed "Apportionment of Income and Expenses," section (i) of this paragraph should not be considered as a general statement of the trustee's authority. We disagree. We must construe the trust to uphold the settlor's intent, *Aberg v. First National Bank in Dallas,* 450 S.W.2d 403 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.), and we find appellant's construction unreasonable.

■ We next consider the question of valid consideration supporting this deed of trust. Appellant argues that both good faith and value paid to the trusts must be present to justify the encumbrance of the trust property. This question might be relevant in a suit by the beneficiaries against the trustee for breach of trust, but it can

have no bearing in a suit such as this against a mortgagee who is entitled to rely on the Trustee's authority, as stated in the trust instrument. Nowhere in this record has the appellant alleged, much less offered any proof, of breach of trust by Nicoladze, in any of these transactions or hinted of fraud on the part of Lomas & Nettleton. Thus, since it is well settled that a mortgage may be given to secure the debt of a third person, *Wilbanks v. Wilbanks,* 160 Tex. 317, 330 S.W.2d 607, 608 (1960), and that contract law does not require both a benefit to the promisor and a detriment to the promisee, *Jeter v. Citizens National Bank,* 419 S.W.2d 916, 918 (Tex.Civ.App.— Eastland 1967, writ ref'd n. r. e.), we must only determine if there was a detriment to this mortgagee. Lomas & Nettleton's payment of $2,500,000 meets that test. Thus, there was adequate and valid consideration and we resolve this issue against appellant. In his points of error concerning consideration, appellant also complains of evidence admitted to show a benefit moving to the trusts. We do not address these points because any error here would be harmless in view of our holding that no benefit to the trusts is required.

Appellant's third argument is that the loan is usurious under Tex.Rev.Civ.Stat. Ann. art. 5069–1.02 (Vernon 1971), which pertains to loans to noncorporate borrowers. In overruling this contention we find evidence to support the trial court's holding that the trustee is not, as appellant claims, a maker of the note, but a guarantor and therefore barred from invoking the penalties of usury under Tex.Rev.Civ.Stat.Ann. art. 1302–2.09 (Vernon Supp.1978). Our supreme court rejected a similar claim in *Universal Metals & Machinery, Inc. v. Bohart,* 539 S.W.2d 874 (Tex.1976). In that case the Boharts, though primarily liable on the note, were held to be guarantors, and, therefore not entitled to assert a usury defense on a corporate loan. In the case before us, Nicoladze did not execute the note, but only executed the deed of trust which states it is "to secure and enforce payment of" the loan to 121 Preston Corpo-

ration. We agree with the trial court's findings that the trusts are in the position of guarantors rather than makers.

 In his usury points, appellant alleges error in the exclusion of his Exhibit 3, a demand letter from appellee on a totally different transaction and deed of trust. We overrule the point of error and hold it was properly excluded and not germane to any claim of usury in the case at bar. *Nixon Construction Co. v. Rosales,* 437 S.W.2d 52, 53, (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.).

Appellant's last points all relate to a modification and extension agreement dated September 25, 1975. First, he claims that the agreement was not even admitted into evidence and therefore not properly before the trial court. The statement of facts reveals that appellee offered the agreement and appellant made several objections. Then, after the appellee asserted that the agreement was recorded in Dallas County, the trial judge stated, "Then I must admit it." We hold the agreement was admitted into evidence.

 Alternatively, appellant claims the agreement was not properly admitted into evidence because appellee did not follow the requirements of Tex.Rev.Civ.Stat.Ann. art. 3726 and art. 3731a (Vernon's Supp.1978) and because no proper predicate was laid or proof of authentication made. We agree the evidence should not have been admitted. Appellee did not lay any predicate for the agreement other than contending that it was recorded. Moreover, by not filing the instrument with the court three days before trial, he did not follow the requirements of article 3726, which allows admission of recorded instruments without proof of authentication. We hold, however, any error in the admission of this agreement, which appellant even refers to in his petition in intervention, is harmless. Although the trial court made two findings of fact concerning the execution and provisions of the instrument, and Conclusion of Law "C" states the loan has been in default since July 1976, the date specified in the modification and extension agreement, the court's judgment upholding the validity of the deed of trust and denying the injunctions and damages is fully supported by other evidence in the case. Therefore, as appellant does not contend that the loan was not in default, such error did not "cause the rendition of an improper judgment in the case . . .," Tex.R.Civ.P. 434.

Affirmed.