CORPUS CHRISTI BANK AND TRUST, Independent Executor of the Estate of Dudley Jones, Deceased, Petitioner,

v.

Walter James ROBERTS et al., Respondents.

No. B–8911.

Supreme Court of Texas.

April 2, 1980.

Rehearing Denied May 7, 1980.

Sorrell, Anderson & Sorrell, William R. Anderson, Jr., Corpus Christi, for petitioner.

Prichard, Peeler, Cartwright & Hall, C. Edwin Prichard, Jr., Corpus Christi, for respondents.

BARROW, Justice.

Respondents Walter James Roberts and Willie Joseph Roberts, beneficiaries under an express trust created by Lillie Roxana Colvin, brought this suit against Dudley Jones, Trustee. After the trust terminated under its terms, respondents filed suit seeking an accounting and recovery of all sums belonging to the trust estate which had not been properly accounted for by the Trustee. The suit also sought recovery for certain expenses for which the Trustee had been reimbursed. Jones died a short time after the suit was filed and Corpus Christi Bank and Trust, the independent executor of Jones' estate, was substituted as defendant. Although the trial was to a jury, the claim that the Trustee was not authorized to employ a real estate firm to handle the rental of the twenty-eight units owned by the trust estate was submitted to the trial court for determination as a matter of law. Judgment was entered whereby respon-

dents recovered the sum of $76,207.47, including the sum of $17,114.47 paid the real estate firm over a twenty year period. The court of civil appeals affirmed. 587 S.W.2d 173.

We granted the Bank's application primarily to examine the holding that the Trustee did not have the power under the trust agreement to employ an agent to manage the rental property and thus was not entitled to deduct the agent's fees as expenses of the trust estate. The court of civil appeals held that fact issues were raised whether it was necessary for the Trustee, to employ an agent to handle these rental properties and as to whether the Trustee improperly delegated his discretion to the agent. Since there were no findings of fact made by the trial court, the court of civil appeals concluded that the trial court's judgment is supported by either of these implied findings favorable to respondents. This holding disregards the agreement of the parties that only a question of law was presented as to whether the Trustee properly deducted the sum paid the real estate firm for managing the rental properties.

We hold that the Trustee, under the Texas Trust Act[1] and the terms of this trust, was authorized to employ such an agent. Accordingly, we reform the judgment to credit the Trustee with proper expenditure of these sums as expenses. In all other respects the judgment is affirmed.

Lillie Roxana Colvin created this trust in 1949 whereby certain real estate, which largely consisted of twenty-eight residential rental units, was conveyed to Dudley Jones, Trustee. The Trustee, who was appointed without bond, was directed to rent or to lease the trust properties. The net income realized from the trust was to be paid to Mrs. Colvin during her lifetime and, upon her death, the sum of $100 per month to her husband, Mathew Colvin, if he survived her. Mathew predeceased Mrs. Colvin who died in 1961. The trust agreement by its terms was to terminate when respondents, who were twin grandsons of Mrs. Colvin, became

1. Article 7425b, Texas Revised Civil Statutes Annotated.

thirty years of age and, at that time, all trust properties in possession of the Trustee were to be delivered to them. This suit was filed after respondents became thirty years of age and difficulty was encountered in securing all the property or an accounting from the Trustee.

The Texas Trust Act, Article 7425b–25 provides in part:

"In the absence of contrary or limiting provisions in the instrument creating the trust, or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized:

. . . . .

"H. (1) Employ attorneys, accountants, agents, and brokers reasonably necessary in the administration of the trust estate."

There are no provisions in Mrs. Colvin's express trust restricting the authority of the Trustee to employ an agent to handle these rental properties. To the contrary, the agreement grants broad discretion to the Trustee in the management of these trust properties. Article IV provides in part:

"During the term of this trust, the Trustee shall have the right and power, and the duty is hereby imposed upon him, to rent or to lease said trust properties, or such portion thereof as he may, in the exercise of reasonable diligence, be able to rent or to lease to others; and the terms and provisions, including the amount or amounts of rent to be paid, of any such contract of rent, hire, or lease, shall be within the sole discretion of said Trustee during the time he is acting as such, and provided that such terms and provisions do not conflict with any of the terms of this trust instrument. . . . *And said Trustee shall have the right to manage and control such trust properties in such manner as to him may be advisable. . . .* " (Emphasis Added.)

Article VII of the trust agreement authorized the Trustee to make certain expenditures from the income received from the rental or lease of the trust properties including:

"(2) To maintain and preserve the trust properties, and pay the operating expenses which are reasonably necessary to the good management, control, RENTING, LEASING, or hire of said trust properties, . . . ." (Emphasis Added.)

We hold that under the Texas Trust Act and the terms of the trust agreement the Trustee was granted authority to hire such agents as he determined, in his discretion, were reasonably necessary for the management and control of the rental properties. This discretion is subject to review only for an abuse by the Trustee of his discretion. Restatement (Second) of Trusts § 187 (1959); Scott on Trusts, III, § 187 (1967). No such abuse is shown by this record.

Jones died at the age of 87 years before any testimony was given by him in connection with this suit and, therefore, there is little direct evidence of his administration of this trust estate. However, even from this brief record, it cannot be said as a matter of law that he abused the discretion granted him by the trust instrument by his employment of the W. M. Neyland Realty Company to manage these rental properties. Jones was not personally in the real estate business nor was he a professional trustee. In fact, Neyland handled some of Jones' own rental property. There were twenty-eight rental units owned by the estate which by reason of the type of property and their location had considerable turnover of tenants and many of the rentals were paid very irregularly. The testimony of Neyland shows that Jones retained full control over the property and made the discretionary decisions regarding the upkeep and repairs to the property. It is obvious that there were many ministerial details in renting this kind of property which could best be handled by someone in the real estate business. This situation supports the discretionary judgment of the Trustee that it was reasonably necessary to employ someone in this type business to keep the property rented, the rents collected, and proper records thereof maintained. There is no evidence of any relationship

between Jones and Neyland other than a bona fide business relationship so as to indicate any breach of Jones' fiduciary obligations to the estate. It is also of some significance on the question of abuse of discretion that this manner of handling these rental properties was carried out by Jones for about ten years during the lifetime of Mrs. Colvin.

At the close of the evidence, the parties agreed that there was no issue of fact relative to the collection fees which Jones had paid Neyland Realty Company during the time it had handled this rental property and that the question of Jones' authority to deduct this expense was to be determined by the trial court as a matter of law. This question was not submitted to the trial court for factual determination. We conclude that the trial court erred in holding as a matter of law that the trust instrument did not authorize Jones, in his discretion, to employ an agent to attend to the many ministerial details relative to the renting of these twenty-eight residential units. The court, therefore, erred in requiring the estate of the deceased Trustee to reimburse the trust estate for these paid expenses.

We agree with the holding of the court of civil appeals that there is more than a scintilla of evidence that the Trustee did not properly account to the beneficiaries for all sums belonging to the trust estate. We sympathize with the executor's difficulty in making a full accounting because of the death of this non-professional trustee as well as the death of his accountant before either could give testimony in this case. Nevertheless, this difficulty does not discharge the Trustee's obligation to make a full accounting of all funds belonging to the trust estate.

The judgments of the lower courts are reformed to reduce the recovery of the beneficiaries, Walter James Roberts and Willie Joseph Roberts, from the Estate of Dudley Jones, Deceased, to the sum of $59,093. In all other respects, the judgments are affirmed.