Robert **BLIEDEN**, Anita Wolff Warschauer, Marvin L. Wolff and Marguerite Blieden Tennenbaum, Appellants,

v.

Arthur **GREENSPAN**, Appellee.

No. 09 86 258 CV.

Court of Appeals of Texas, Beaumont.

Dec. 10, 1987.

Rehearing Denied Dec. 30, 1987.

Frank S. Thackston, Jr., Lake, Tindall, Hunger & Thackston, Greenville, Miss., Kurt M. Andreason, Louis M. Scofield, Jr. and Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellants.

Guy M. Hohmann, Mark F. Elvig and Gary M. Laden, Brill & Brooks, Houston, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from the granting of a summary judgment. Hyman Blieden (Testator) died, testate, on June 4, 1969. The Testator's Will (hereinafter "Will") was duly admitted into probate in the County Court of Jefferson County. Testator, in his Last Will and Testament, provided for the care and support of his surviving widow, Doris Blieden, creating a trust for the benefit of Doris. Testator set out that his whole estate consisted entirely of community property with his wife, Doris, writing in his last Will:

"1.

"It is my intention hereby and hereunder to dispose only of my community interest in said property."

The Will further provided:

"However, it is my will and desire, and I hereby direct, that the Trustees pay out of *the income from both* said Trust properties a minimum of Five Hundred and No/100 ($500.00) Dollars per month to my said wife (so that with the income from her community one-half, she will receive a minimum of $1,000.00 per month) ... then the Trustees are authorized and directed to *invade the corpus of said Trust Estates* to the end that a minimum of $500.00 per month shall be actually paid to my wife so long as she shall live ... to provide adequately for the health, care and maintenance of my wife, *it being my intent by this provision to make clear that my primary concern is for the care of my wife and not for the preservation of the corpus of the Trust Estates....*" (Emphasis added)

The Testator also created in his Will, the Blieden, Wolff, Tennenbaum Trust but provided:

"The two Trust Estates hereinabove created, however, are to be subject always to the payment to my beloved wife, Doris Blieden, of the net income produced from the whole of said Trust Estates so long as my wife shall live, and shall likewise be subject *to the right of the Trustee or Trustees to invade the corpus* of either of said estates so as to provide for my wife according to my directions in accord with another provision of this my Will." (Emphasis added)

The Blieden, Wolff, Tennenbaum Trust was, in reality, to come into effect after the death of Doris. This involved the estate of Doris after her death. Hence, the Will paramountly provided that "all of the net income" from the Testator's one-half community, or at least a minimum of $500.00 per month, be paid to his said surviving wife so that, with income from her community one-half, she would receive a minimum of $1,000.00 per month. In the event the income from the properties in both trusts would not be sufficient to make the monthly payments of $500.00, the Trustees were authorized and directed to invade the corpus of the trusts to the end that a minimum of $500.00 per month would be actually paid to his wife from Hyman's ½ of the community property so long as she lived.

William Blieden, one Trustee, the brother of the Testator, died on November 24, 1970. Doris Blieden, another Trustee, the surviving widow of Testator, died on May 24, 1983. During this approximately 14 years between the Testator's death and Doris' death, all the trust properties were in, and remained in, the sole possession and control of Doris. Appellee was named the third Trustee, but he never accepted the trusts.

The Appellants, by a pleading filed in February of 1986, stated:

"(A) ... The evidence will show that Defendant [Appellee] never accepted the trust, that he never undertook to administer the trust in accordance with his duties under the Texas Trust Code and at common law...."

Doris Blieden, having the possession of all the trust assets during her natural lifetime, commingled the same with her personal, separate, property as well as with her part of the community estate. She did this, acting alone, after William's death, pursuant to the following controlling provisions of the Will, which set out:

"It is recognized that the Trust property in the William Blieden Trust will be owned in common with property belonging to William Blieden, who is named as one of the Trustees of said Trust Estate, *and in common with Doris Blieden*, who is also named as a Trustee, and that

the *Trust property in the Blieden, Wolff and Tennenbaum Trust will be owned in common with property belonging to my wife, Doris Blieden, who is named as one of the Trustees....*" (Emphasis added)

The Will demonstrated and dictated the strong and paramount, as well as the unequivocal, desire and direction of the Testator to provide for all the needs of Doris adequately. Inasmuch as Doris was in possession of the assets of the trusts, she handled the same to insure the fulfillment of that purpose. Appellants pleaded that no action was taken by the Appellee which could be construed as taking possession of the properties in a capacity as a Trustee or accepting the trust or trusts. Appellants judicially admitted that Appellee (Defendant below) never accepted the trust and, furthermore, Appellee never undertook to administer the trust or trusts. It is crucial to note that, in an order for an accounting, the District Judge set out "that income and expenses charged to income through May 24, 1983 need not be shown or accounted for...."

■ It is interesting to note that, concerning the inventory of the Estate of Hyman Blieden, Deceased, Doris Blieden and William Blieden prepared and presented that inventory. The Testator provided an extremely cogent, exculpatory, clause in his Will, which read as follows:

"However, the Trustees shall be relieved of any and all the duties, restrictions and liabilities imposed upon trustees *under said Texas Trust Laws and specifically the Texas Trust Act or any amendments thereto.*" (Emphasis added)

So, it was specifically provided for, and it is glaringly clear, that the Trustees, including Appellee, were specifically and expressly, by the Testator, relieved of *any and all duties, restrictions or liabilities* imposed on trustees under either the Texas Trust Laws or, specifically, the Texas Trust Act or any amendments thereto. Hence, Appellee was, and is, under no duty to accept the trusts or to take possession of the trusts or to administer the same.

By their own solemn pleadings, the Appellants conceded and, in effect, stipulated, that the Appellee never accepted the trusts and never undertook to administer the trusts. In this, Appellants made a judicial admission.

The general rule for construing both wills and trusts is to ascertain the intent of the testator or settlor. *Stewart v. Selder,* 473 S.W.2d 3 (Tex.1971); *Corpus Christi Nat. Bank v. Gerdes,* 551 S.W.2d 521 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The Texas Trust Act, *TEX.REV. CIV.STAT.ANN. Art. 7425b–22* (Vernon 1960) specifically gives to the trustor or settlor the power to relieve his trustees from any liabilities imposed by that Act. In fact, it provides that any settlor or trustor may relieve his trustee or trustees from any or all of the duties, restrictions, and liabilities imposed upon trustees by the Texas Trust Act or any amendment thereto. Hyman Blieden so provided to relieve his trustees from any and all duties, including restrictions and liabilities imposed upon them by the Texas Trust Act. Hyman also relieved his trustees from any and all duties, restrictions and liabilities under the general law of trusts as applied in Texas. Such exculpatory provisions in the will and trust instruments are not void as against public policy. *Corpus Christi Nat. Bank, supra.* It is well settled that the public policy prohibition is limited to exculpatory clauses which actually authorize self-dealing. There is no self-dealing shown in the case subjudice. *Corpus Christi Nat. Bank, supra.* Appellants do not allege any acts of self-dealing.

It must be remembered that the Testator, Hyman Blieden, died on June 4, 1969. On this date, the then Texas Trust Act, in its then status, as amended, to that date, granted very broad exculpatory powers to the trustor-settlor. *TEX.REV.CIV.STAT. ANN. Art. 7425b–22* (Vernon 1960) provided:

"The trustor of any trust affected by this Act may, by provisions in the instrument creating the trust, or by an amendment of the trust if the trustor reserved the power to amend the trust, *relieve his trustee from any or all of the duties, restrictions, and liabilities which would otherwise be imposed upon him by this Act;* or alter or deny to his trustee any or all of the privileges and powers conferred upon the trustee by this Act; or add duties, restrictions, liabilities, privileges, or powers to those imposed or granted by this Act; but no act of the trustor *shall relieve a corporate trustee* from the duties, restrictions, and liabilities imposed upon it by Sections 10, 11 and 12 of this Act. Acts 1943, 48th Leg. p. 232, ch. 148 sec. 22." (Emphasis added)

Of course, it is clear that no corporate trustee was named by the trustor. We hold the exculpatory clauses in Hyman's Will are valid and not against public policy. We hold the Texas Trust Act was not, and is not, against public policy; it was, and is, valid.

The Appellants contend and argue that they have authorities from states other than Texas. These states are Illinois, Maryland, Massachusetts, Nebraska, New Hampshire, New York and Pennsylvania. But none of these states had legislation even similar or parallel to *Art. 7425b–22,* above cited. The Texas Legislature certainly had ample authority and power to provide for these exculpatory clauses. Indeed, when the Texas Trust Act was codified, *Art. 7425b–22* became *TEX.PROP. CODE ANN. sec. 113.059* (Vernon 1984) which provides:

"(a) Except as provided by Subsection (b) of this section, *the settlor by provision in an instrument creating,* modifying, amending, or revoking *the trust may relieve the trustee from a duty, liability, or restriction imposed by this subtitle.*

"(b) A settlor may not relieve a corporate trustee from the duties, restrictions, or liabilities of Section 113.052 or 113.053 of this Act." (Emphasis added)

Hence, this codification makes it clear that the legislature's intention has been, and is, to continue the broad grant of authority and power given a trustor or settlor to

establish a trust and to exculpate the trustees as the trustor or settlor desired.

█ Again, it is well settled and elementary that the supreme goal of construing a trust instrument or a testamentary instrument, is to determine the intent of the testator-trustor-settlor. *Kelley v. Marlin,* 714 S.W.2d 303 (Tex.1986); *Gee v. Read,* 606 S.W.2d 677 (Tex.1980). Especially with regard to trusts and instruments creating trusts, the courts must apply and construe a trust instrument to uphold the trustor's or settlor's intent. *Lawler v. Lomas & Nettleton Financial Corp.,* 583 S.W.2d 810, 812 (Tex.Civ.App.—Dallas 1979, no writ); *Corpus Christi Bank & Trust v. Roberts,* 587 S.W.2d 173, 186–187 (Tex.Civ. App.—Corpus Christi 1979), *reformed in part on other grounds and aff'd in part,* 597 S.W.2d 752 (Tex.1980).

A very important exculpatory provision is included in section 6(c) of said Will, in the case subjudice, as follows:

"(c) *My Trustees shall in no event be or become liable to the beneficiaries of either Trust, for losses* or bad investments in the management of said Trust Estates, and no person dealing with my said Trustees shall be charged with the duty of looking to the proper application of any funds or any other thing of value delivered to my said Trustees in exchange for or as consideration for anything of value which such person may acquire from my Trustees acting within the authority hereinabove conferred upon them." (Emphasis added)

After all, the trustor-settlor had appointed his own brother, William, as well as his wife, Doris, to be trustees and he obviously wanted to give them the fullest protection that the law allowed. William and Doris accepted the trusts.

It must be remembered that section 6(c), above set out, considered with the other exculpatory clauses, clearly demonstrates the intent on the part of the trustor-settlor to relieve the Appellee of any liability for any acts or omissions alleged by the Appellants and we so hold. The trustor-settlor clearly expressed the desire and intent to relieve the Appellee from any and all liabilities imposed under Texas trust laws generally and under the Texas Trust Act and any amendments thereto.

The proper criteria for the granting of a motion for summary judgment has been specifically outlined by the Texas Supreme Court. When there is no genuine issue as to any material fact, the moving party is entitled to judgment, as a matter of law, on the issues that are expressly set out in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676, (Tex.1979).

Indeed, the Appellants have admitted and conceded, in their trial court pleadings, that Appellee never accepted the trusts and never undertook to administer the trusts. Appellants unequivocally pleaded, on page 2 of the "Plaintiffs' List of Contested Issues of Fact and Contentions of Law", filed with the Trial Court on February 5, 1986:

"(A) ... The evidence will show that Defendant never accepted the trust, that he never undertook to administer the trust in accordance with his duties under the Texas Trust Code and at common law, and that he abandoned the administration of the trust to his Co-Trustees...."

But this is exactly of that which Hyman relieved Appellee. Appellants' trial pleadings are judicial admissions. *Houston First American Sav. v. Musick,* 650 S.W. 2d 764 (Tex.1983); *Houston, E. & W.T.R.R. Co. v. De Walt,* 96 Tex. 121, 70 S.W. 531 (1902); *De La Fuente v. Home Sav. Ass'n,* 669 S.W.2d 137 (Tex.App.—Corpus Christi 1984, no writ); 1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL Sec. 1144 (Texas Practice 3rd ed. 1980).

█ The above quoted language of Appellants' pleadings is clear and unequivocal. It was a deliberate pleading in the course of the judicial proceedings before the District Judge. Hence, this pleading amounts to a waiver of proof in favor of the opposing party and, indeed, binds the pleaders to the contrary of an essential fact which is necessary to the pleaders' theory of recovery. *Esteve Cotton Co. v. Hancock,* 539 S.W.2d 145 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). This judicial admission is

conclusively binding upon the pleader making the same. *Mendoza v. Fidelity & Guar. Ins., Etc.*, 606 S.W.2d 692 (Tex. 1980). Hence, this in-court judicial admission entitled the Appellee to the granting of a motion for summary judgment. Appellee simply never accepted the trust; the Appellants admit this. Admissions are considered to be proper summary judgment proof and evidence. *Daves v. State Bar of Texas*, 691 S.W.2d 784 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.), *appeal dismissed*, 474 U.S. 1043, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986).

■ Under well-established summary judgment practice, the non-movants may not urge or argue, upon the appeal of the case, a reason for reversal that is a new ground nor can the non-movants reconstruct or resurrect any theory to defeat the summary judgment motion on any grounds that the non-movants had abandoned at the hearing below. *City of Houston v. Clear Creek Basin Authority, supra.*

■ Moreover, the law of our State does not impose a duty upon a person named as a trustee to accept the trust. The Texas solons enacted the Texas Trust Code, being part of the *TEX.PROP.CODE ANN. sec. 112.009* (Vernon 1984), reading, in part:

> "(b) A person named as trustee who does not accept the trust incurs no liability with respect to the trust."

A reading of that statute makes it abundantly clear that a non-accepting trustee is free from liability.

■ The Appellants' response to the Motion for Summary Judgment does not comply with the type of summary judgment proof as required by the summary judgment rule. *TEX.R.CIV.P. 166–A.* We hold, as a matter of law, that the various exculpatory clauses and phrases in the Last Will and Testament and the Trust instrument of Hyman Blieden absolves the Appellee of any liability under the record before us. Pleadings of the Appellants are not summary judgment proof when urged as grounds for affirmative relief. *City of Houston, supra; Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971).

Finally, the Appellants conceded, in their reply brief, that Appellee had not accepted the corpus of the Trusts; hence, Appellee did not have possession of the same. Under the clear, specific clauses of Hyman's Will, Appellee had *no duty* to accept the corpus of the Trusts or to take possession of the same.

Indeed, the District Judge, by order, established that all, or virtually all, of the properties belonging to the Blieden, Wolff, Tennenbaum Trustees were, and remain, in the hands of the Independent Executors of the Estate of Doris Blieden, Deceased. The Independent Executors named by Doris Blieden were, and are, June Espinosa, David Marcus Blieden and Marion J. Rienstra, attorney at law. Appellee is not one of Doris' independent executors. In an amended pleading, the Appellants sued the Estate of Doris Blieden, Deceased, and proceeded to serve the Independent Executors, Marion J. Rienstra, attorney at law; June Espinosa and Marc Blieden.

This appeal from the summary judgment is germane to Appellants' allegations against Appellee in his trustee capacity only and not in his individual capacity.

The dispositive issues in this appeal having been decided above, we overrule Appellants' Points of Error.

Hence the judgment below was correct and it is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. This is a summary judgment case and the burden is upon the movant to demonstrate there is no genuine issue as to any material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex.1979). The majority holds that "[a]ppellants have admitted and conceded, in their trial court pleadings, that Appellee never accepted the trusts and never undertook to administer the trusts." One of the fatal flaws in this holding is that the language relied upon by the majority was taken from "Plaintiffs' List of Contested Issues of Fact and Contentions of

Law." This is not a pleading. The pleadings consist of the petitions and answers and any amendments or supplementations thereto. *TEX.R.CIV.P. 45.* This instrument is neither. Another flaw is, when viewed in context, the quoted language cannot be taken as an admission that appellee never accepted his appointment as trustee, but clearly refers to a failure of the appellee to take possession of the trust assets. The language relied upon by the majority, as shown in context:

> *Breach of duty to administer the trust.* The evidence will show that Defendant never accepted the trust, that he never undertook to administer the trust in accordance with his duties under the Texas Trust Code and at common law, and that he abandoned the administration of the trust to his Co–Trustees. Defendant's conduct constitutes a breach of his fiduciary duty to administer the trust....

Taken in context, it is clear that appellants are referring to a failure to take possession of the trust assets because a breach of duty to administer can only occur if the trustee has accepted his appointment. Similarly, a trustee could not abandon the administration of a trust he never accepted. Consequently, while the choice of words may have been poor, they do not constitute an admission as found by the majority. I would reverse the summary judgment and remand. Because the majority fails to do so, I respectfully dissent.