Robert BLIEDEN, et al., Petitioners,

v.

Arthur GREENSPAN, Respondent.

No. C–7201.

Supreme Court of Texas.

June 1, 1988.

Rehearing Denied July 13, 1988.

Dewey J. Gonsoulin, Louis M. Scofield and Kurt M. Andreason, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for petitioners.

Guy M. Hohmann, Mark F. Elvig and Gary M. Laden, Brill & Brooks, Houston, for respondent.

PER CURIAM.

This case arises out of a dispute over the administration of a trust. The trial court found that there were no genuine issues of material fact regarding the beneficiaries' claims against Greenspan in his capacity as trustee, and granted summary judgment in his favor. The court of appeals affirmed the trial court's judgment, holding that the beneficiaries had judicially admitted that Greenspan had never accepted the trust, and therefore, Greenspan could not be liable as trustee as a matter of law. 742 S.W.2d 93 (1987). We reverse the judgment of the court of appeals and remand the cause to the trial court.

On June 4, 1969, Hyman Blieden died testate, and the provisions of his will, which was admitted to probate, created two trusts. By the terms of the trust at issue in this case, the Blieden, Wolff, Tennenbaum Trust (hereinafter referred to as the "Trust"), Greenspan was designated as a co-trustee along with William Blieden, the testator's brother, and Doris Blieden, the testator's wife. The testator made his wife and the petitioners in this case the beneficiaries of the Trust. The testator's brother died on November 24, 1970, and his wife died on May 24, 1983, leaving Greenspan as the sole surviving trustee. After the wife's death, the beneficiaries demanded an accounting of the trust property from Greenspan, and when such was not done, they brought this action seeking an ac-

counting. The trial court ordered Greenspan to furnish an accounting. He failed to do so; thus, the trial court set a show cause hearing on the matter. Before the hearing, Greenspan filed and signed an instrument entitled "Account of Arthur Greenspan ...," wherein he asserted a claim for trustee's fees and attorney's fees. The beneficiaries filed objections to the accounting and requested the removal of Greenspan as trustee. The trial court entered an order finding that Greenspan did not comply with its order for an accounting and that Greenspan resign as trustee. Thereafter, Greenspan filed a motion for summary judgment wherein he contended that he never accepted the trust.

Greenspan, as the summary judgment movant, had the burden of showing that there was no genuine issue as to any material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Referring to "Plaintiff's List of Contested Issues of Fact and Contentions of Law," the court of appeals, in its majority opinion, held that by their "own solemn pleadings," the beneficiaries admitted that Greenspan never accepted the trust. The language in the document cited by the court of appeals is taken out of context. The quoted language, as shown in context, is set forth as follows:

> *Breach of duty to administer the trust.* The evidence will show that *Defendant never accepted the trust,* that he never undertook to administer the trust in accordance with his duties under the Texas Trust Code and at common law, and that he abandoned the administration of the trust to his co-trustees. Defendant's conduct constitutes a breach of his fiduciary duty to administer the trust ... (emphasis added).

Taken in context, it is clear that the beneficiaries are referring to a failure by Greenspan to take possession of the trust assets because a breach of the duty to administer the trust can only occur if the trustee has accepted or acquiesced in his appointment as trustee. Similarly, a trustee could not have abandoned his duties as trustee if he had not accepted the trust. Consequently,

although the phrase "Defendant never accepted the trust" may have been a poor choice of words, it does not constitute an admission by the beneficiaries that Greenspan did not accept his appointment as trustee.

■ Additionally, it is abundantly clear from the record in this case that there were fact issues regarding whether Greenspan accepted the trust. It was undisputed that Greenspan signed warranty deeds conveying property of the Testator in his capacity as trustee; that he filed a claim for trustee's fees in his Account as well as in his First Amended Answer and Cross–Action; and that he resigned as trustee on March 3, 1986. In light of these undisputed facts, summary judgment was improperly granted. The opinion and judgment of the court of appeals are thus in conflict with this court's holding in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Therefore, pursuant to Tex.R. App.P. 133(b), we grant the beneficiaries' application for writ of error, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to the trial court.